# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT COURT OF PENNSYLVANIA

CHAD FLASHER,

    Plaintiff

v.

DISTRICT JUSTICE
MICHAEL J. SMITH, et al.

    Defendants.

No. 1:17-CV-01080

(Judge Rambo)

## MEMORANDUM

### I. Background

Presently before the Court is a civil action filed by pro se Plaintiff, Chad Flasher, on June 20, 2017, pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) Plaintiff's complaint consists of two pages and alleges verbal abuse against two individually named Defendants: District Justice Michael J. Smith and Police Officer Kevin J. Gallick. (Doc. No. 2.) As Plaintiff has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, the Court will engage in screening of Plaintiff's complaint pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2).

### II. Standard of Review

In reviewing Plaintiff's Complaint, the Court is guided by § 1915(e)(2) of the PLRA which provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

When ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). The Court's inquiry is guided by the standards of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Under Twombly and Iqbal, pleading requirements have shifted to a "more heightened form of pleading." See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible. Id. The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. As the Supreme Court instructed in Iqbal, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has

alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, to determine the sufficiency of a complaint under Twombly and Iqbal, the United States Court of Appeals for the Third Circuit has identified the following steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6): (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted).

In ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)). A court may also consider "any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'"

Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) (quoting 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d Ed. 2004)).

In conducting its screening review of a complaint, the court must be mindful that a document filed pro se is "to be liberally construed." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Haines v. Kerner, 404 U.S. 519, 520–21 (1972).

### III. Discussion

A plaintiff, in order to state a viable § 1983 claim, must plead two essential elements: 1) that the conduct complained of was committed by a person acting under color of state law, and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Natale v. Camden County Corr. Facility, 318 F.3d 575, 580-81 (3d Cir. 2003).

#### A. Claims of Verbal Abuse

Plaintiff sets forth several allegations of verbal abuse against the Defendants. Specifically, Plaintiff alleges that District Justice Smith tried to embarrass Plaintiff

4

in front of multiple people at Plaintiff's plea hearing by asking Plaintiff if he was "done crying yet." (Doc. No. 2 at 3.) Plaintiff alleges that this was "extremely unprofessional." (Id.) Plaintiff alleges that Officer Gallick, after taking Plaintiff back to prison, threatened Plaintiff by saying that Officer Gallick might be back for Plaintiff because District Justice Smith "wanted to try to take back the plea that was already signed." (Id. at 4.) Plaintiff also alleges that he was taken back before District Justice Smith, and District Justice Smith "down talk[ed]" to him and told him "good luck in prison." (Id.)

It has been recognized that the use of words generally cannot constitute an assault actionable under § 1983. Johnson v. Glick, 481 F.2d 1028, 1033 n. 7 (2d Cir.); Maclean v. Secor, 876 F.Supp. 695, 698-99 (E.D.Pa.1995); Murray v. Woodburn, 809 F.Supp. 383, 384 (E.D.Pa.1993) ("Mean harassment ... is insufficient to state a constitutional deprivation."); Prisoners' Legal Ass'n v. Roberson, 822 F.Supp. 185, 189 (D.N.J.1993) ("[V]erbal harassment does not give rise to a constitutional violation enforceable under § 1983."); and Jones v. Superintendent, 370 F.Supp. 488, 491 (W.D.Va.1974).

Mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations. Fisher v. Woodson, 373 F.Supp. 970, 973 (E.D.Va.1973); see also Balliet v. Whitmire, 626 F.Supp. 219, 228-29 (M.D.Pa.)

5

("[v]erbal abuse is not a civil rights violation ..."), aff'd, 800 F.2d 1130 (3d Cir.1986). A constitutional claim based only on verbal threats will fail regardless of whether it is asserted under the Eighth Amendment's cruel and unusual punishment clause, see Prisoners' Legal Ass'n, 822 F.Supp. at 189, or under the Fifth Amendment's substantive due process clause. See Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir.1991); Lindsey v. O'Connor, No. 4:CV-08-1683, 2008 WL 4722617, at *4 (M.D. Pa. Oct. 23, 2008), aff'd, 327 F. App'x 319 (3d Cir. 2009).

However, verbal harassment or threats, with some reinforcing act accompanying them may state a constitutional claim, as, for example, a case where some action was taken by a defendant that escalated beyond mere words. See Northington v. Jackson, 973 F.2d 1518 (10th Cir.1992) (a correctional officer placed a revolver to an inmate's head a threatened to shoot); Douglas v. Marino, 684 F.Supp. 395 (D.N.J.1988) (involving prison employee who threatened an inmate with a knife.).

There is no indication, let alone allegations, that any of the alleged verbal abuse was accompanied by a reinforcing act, for instance, a deadly weapon as contemplated under Northington or Douglas. Accordingly, Plaintiff's allegations of verbal harassment by District Justice Smith and Officer Gallick do not rise to

the level of a viable civil rights claim.  Therefore, Plaintiff's complaint will be dismissed for failure to state a claim upon which relief may be granted.

### B. Leave to Amend

Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108, 114 (3d Cir. 2002).  In this case, it is clear from the facts alleged and the exhibit attached to the complaint that allowing Plaintiff leave to amend would be futile because he has failed to state a constitutional violation.

### IV. Conclusion

Based upon the foregoing, Plaintiff's motion for leave to proceed in forma pauperis will be granted for the limited purpose of dismissal of this action and this action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

      s/Sylvia H. Rambo
      SYLVIA H. RAMBO
      United States District Judge

Dated: June 30, 2017